2470810

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**Case No. 8:24-cv-1070**

BRANDED ACQUICO NO 6, LLC
and BRANDED EU ACQUICO NO 2, LTD,

  Plaintiffs,

v.

ESSENTIAL ARGAN OIL, LLC,

  Defendant.

_____/

## PLAINTIFFS' RENEWED MOTION FOR FINAL DEFAULT JUDGMENT AND INCORPORATED MEMORANDUM OF LAW

Plaintiffs, BRANDED ACQUICO NO 6, LLC, and BRANDED EU ACQUICO NO 2, LTD, by and through undersigned counsel, hereby file this Renewed Motion for Final Default Judgment, and in support thereof, states as follows:

1. On May 3, 2024, Plaintiffs filed the operative Complaint for Damages against one Defendant. [DE 1].

2. Clerk's Default was entered on June 17, 2024. [DE 13].

3. To date, Defendant has failed to move to set aside the Clerk's Default, and has failed to file any response to this action.

4. Plaintiffs have filed evidence authenticated by sworn testimony supporting the claimed damages for breach of contract to be awarded in a Final Default Judgment. [DE 16 and 17].

5. Plaintiffs respectfully request a Final Default Judgment in the amount of $134,095.27.

## MEMORANDUM OF LAW

"In considering a motion for default judgment, a court must 'examine the sufficiency of plaintiff's allegations to determine whether the plaintiff is entitled to' a default judgment." Suntrust Equipment Finance and Leasing Corp. v. Bluechip Power, LLC, 2014 WL 5038491 (M.D. Fla. 2014), citing Fid. & Deposit Co. of Md. v. Williams, 699 F. Supp. 897, 899 (N.D. Ga. 1998).

"Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded." Miller v. Paradise of Port Richey, Inc., 75 F.Supp.2d 1342, 1346 (M.D. Fla. 1999). A hearing is not necessary if a party submits evidence to

support the request for damages. SEC v. Smyth, 420 F.3d 1225, 1232 n. 13 (11th Cir. 2005).

Here, Plaintiffs' Complaint contains well-pleaded factual allegations which satisfy the applicable pleading standard. See Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). Additionally, Plaintiffs have filed documentary evidence authenticated by sworn testimony to provide a sufficient basis for entry of a final judgment on Plaintiffs' claim of breach of contract. [DE 16 and 17].

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter Default Final Judgment against Defendant, award damages for breach of contract, and to require the judgment debtor to complete the Florida Rules of Civil Procedure Form 1.977 Fact Information Sheet within 45 days from the date of the final judgment.

DATED:  October 25, 2024

Respectfully submitted,

CONROY SIMBERG, P.A.

*/s/ Drew M. Levin*
Drew M. Levin, Esq.
Florida Bar No.: 0048419
Counsel for Branded AcquiCo No 6, LLC,
and Branded EU AcquiCo No 2, LTD.
3440 Hollywood Blvd., Suite 200

Hollywood, FL 33021
Telephone: 954-961-1400
Facsimile:  954-967-8577
Primary E-Mail:
eservicehwd@conroysimberg.com
Secondary E-Mails:
dlevin@conroysimberg.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 25, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. I also certify that the foregoing document is being served on this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

CONROY SIMBERG, P.A.

*/s/ Drew M. Levin*
Drew M. Levin
Florida Bar No.: 0048419
Counsel for Branded AcquiCo No 6, LLC, and Branded EU AcquiCo No 2, LTD.
3440 Hollywood Blvd., Suite 200
Hollywood, FL 33021
Telephone: 954-961-1400
Facsimile:  954-967-8577
Primary E-Mail:
eservicehwd@conroysimberg.com
Secondary E-Mails:
dlevin@conroysimberg.com